UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DION JACKSON, | : | Case No. 1:25-cv-180 |
| Petitioner, | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION[1]

Petitioner, an inmate in state custody at the Pickaway Correctional Institution, in Orient, Ohio, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 Hamilton County, Ohio, convictions and sentence in Case No. 08-cr-5964 for one count of murder and two counts of felonious assault, each with firearm specifications. *See* Doc. 1.[2]  He has paid the $5.00 filing fee.

In March 2025, the Court ordered Petitioner to show cause why the Petition should not be transferred to the Sixth Circuit Court of Appeals as second or successive because Petitioner had previously challenged the same convictions in federal court.  (Doc. 2).  As noted in the Order,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Petitioner's underlying criminal case can be viewed at the Hamilton County Clerk of Court's webpage: *https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=%2F08%2FCRA%2F23402&submit.x=21&submit.y=13* (searched under Petitioner's name case number).  The Court may take judicial notice of this case docket.  *See Chase v. Macauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Petitioner has previously filed a habeas corpus action challenging his convictions. *See Jackson v. Warden*, No. 1:11-cv-449 (S.D. Ohio) (Docs. 15; 19; 23; 24; 25) (denying Petition challenging Petitioner's 2009 Hamilton County convictions with prejudice).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must conduct a preliminary review of the Petition to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll § 2254. Here, for the reasons below, it plainly appears that Petitioner is not entitled to relief from the District Court, and, thus, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition. In light of this recommendation, Petitioner's Motion for Status Update or Ruling (Doc. 4) is **DENIED as moot**.

## I. Legal Standard

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)).

"To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate

court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). The determination of whether a habeas application is second or successive, however, is committed to the District Court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

"[N]ot all petitions filed second in time are 'second or successive'" and thus subject to the restrictions of § 2244(b). *In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023) (en banc), *cert. denied*, No. 23-6276 (May 13, 2024). The Sixth Circuit has provided the following "roadmap" for determining whether a petition is second or successive:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted. [*In re Hill*, 81 F.4th] at 568-69; *see In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

*In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *cert. denied*, No. 24-5 (Oct. 7, 2024).

## II. Analysis

The Petition here is second or successive. First, Petitioner challenges the same 2009 judgment that was at issue in his previous § 2254 habeas case. (*Compare* Case No. 1:11-cv-449 (Doc.1, PageID 1) with Case No. 1:25-cv-180 (Doc. 1, PageID 1)).

Second, Petitioner's sole ground for relief, which asserts error by the trial court in failing to instruct the jury on voluntary manslaughter (*see* Case No. 1:25-cv-180 (Doc. 1, PageID 5)), was not "unripe" at the time of his initial Petition. Indeed, this claim appears to be a reformation of Ground Six in his initial Petition. (*See* Case No. 1:11-cv-449 (Doc. 1, PageID 11)). To the extent that Petitioner relies in the instant Petition on the Ohio Supreme Court's decision in *State v.*

3

*Thompson*, 23 N.E.3d 1096 (Ohio 2014), to make his argument (*See* Case No. 1:25-cv-180 (Doc. 1, at PageID 5)), that reliance does not change the Court's analysis. Although *Thompson* was decided after his 2009 convictions, the Ohio Supreme Court relied on two 1992 Ohio Supreme Court cases—decided well before Petitioner's convictions—to set forth the test for voluntary manslaughter. *See Thompson*, 23 N.E.3d at 1133. Therefore, to the extent Petitioner's claim in the instant Petition differs from Ground Six of his initial Petition, the same legal standards were available to Petitioner in 2011, when he filed his initial Petition.

Third, and finally, Petitioner's previous federal habeas corpus Petition was not dismissed for containing unexhausted claims. *See In re Gutierrez*, 2024 WL 3333932, at *1 ("The exception for unexhausted claims is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]"). Rather, Petitioner's first § 2254 challenge to his convictions was denied because Petitioner's claims were without merit, non-cognizable, or procedurally defaulted. (*See* Case No. 1:11-cv-449 (Doc. 24, PageID 1214-15)).

Because the instant Petition is second or successive within the meaning of 28 U.S.C. § 2244(b), *see In re Gutierrez*, 2024 WL 3333932, at *1, this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a second or successive habeas petition in the District Court without first obtaining authorization from the Court of Appeals, the District Court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**IT IS THEREFORE RECOMMENDED THAT:**

Because this Court lacks jurisdiction in this matter involving a second or successive petition, within the meaning of 28 U.S.C. § 2244(b), Petitioner's habeas corpus Petition be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254. *See In re Sims*, 111 F.3d at 47 ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) ("*Sims* instructs district courts to transfer only 'successive' petitions to our court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismiss them outright.").

**IT IS THEREFORE ORDERED THAT:**

In light of the above recommendation, Petitioner's Motion for Status Update or Ruling (Doc. 4) is **DENIED as moot.**

October 16, 2025                                           *s/Peter B. Silvain, Jr.*
                                                           Peter B. Silvain, Jr.
                                                           United States Magistrate Judge

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).