IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dion Jackson, | : | Case No. 1:25-cv-180 |
| Plaintiff, | : : | |
| | : | Judge Susan J. Dlott |
| v. | : : | |
| Warden, Pickaway Correctional Institution, | : : | Order Adopting Report and Recommendation |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's October 16, 2025 Report and Recommendation ("R&R") recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a second or successive petition and ordering that Petitioner's Motion for Status Update or Ruling (Doc. 4) be denied as moot. (Doc. 5.) On October 27, 2025, Petitioner filed an Objection. (Doc. 6.) For the reasons that follow, the Court will **OVERRULE** the Objection (Doc. 6), **ADOPT** the R&R (Doc. 5), and **TRANSFER** this action to the United States Court of Appeals of the Sixth Circuit as a second or successive petition.

Petitioner Dion Jackson is an inmate in state custody at the Pickaway Correctional Institution, in Orient, Ohio. On March 20, 2025, he filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 Hamilton County, Ohio convictions and sentence in Case No. 08-cr-5964 for one count of murder and two counts of felonious assault, each with firearm specifications.[1] (*See* Doc. 1.)

---

[1] Petitioner's underlying criminal case can be viewed at the Hamilton County Clerk of Court's webpage: *https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=%2F08%2FCRA%2F23402&submi*

Applying law from the Sixth Circuit, the Magistrate Judge determined that Jackson's Petition is a second or successive Petition challenging the same 2009 judgment that was at issue in his previous § 2254 habeas case. (*Compare* Case No. 1:11-cv-449 (Doc. 1, PageID 1) *with* Case No. 1:25-cv-180 (Doc 1, PageID 1)). The Magistrate Judge also determined that Petitioner's sole ground for relief, asserting error by the trial court in failing to instruct the jury on voluntary manslaughter, was not "unripe" at the time of his initial Petition and appears to be a reformation of his Ground Six in his initial petition. (*See* Case No. 1:11-cv-449 (Doc. 1, PageID 11)). The Magistrate Judge determined that Petitioner's reliance upon the Ohio Supreme Court's decision in *State v. Thompson*, 23 N.E.3d 1096 (Ohio 2014) to make his argument does not change the Court's analysis. "Although *Thompson* was decided after his 2009 convictions, the Ohio Supreme Court relied upon two 1992 Ohio Supreme Court cases—decided well before Petitioner's convictions—to set forth the test for voluntary manslaughter." (Doc. 5 at PageID 27–28 (citing *Thompson*, 23 N.E.3d at 1133)). Thus, the Magistrate Judge found that the same legal standards applied in 2011, when Petitioner filed his first Petition challenging the same convictions he raises now.

Finally, the Magistrate Judge determined that Petitioner's previous federal habeas corpus Petition was not dismissed for containing unexhausted claims. *See In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir., April 11, 2024) ("The exception for unexhausted claims is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]"). Rather, Petitioner's first § 2254 challenge to his convictions was denied because his claims were without merit, non-cognizable, and procedurally defaulted. (*See*

---

*t.x=21&submit.y=13* (searched under Petitioner's name and case number). The Court takes judicial notice of this case docket. *See Chase v. Macauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Case No. 1:11-cv-449 (Doc. 24, PageID 1214–15)).

Because the Petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), the Magistrate Judge determined that this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a second or successful habeas petition in the district court without first obtaining authorization from the court of appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997).

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

Jackson filed an Objection to the Magistrate Judge's R&R on October 27, 2025. (Doc. 6.) In his Objection, he asserts that his new Petition is not a second or successive pleading under § 2244(b) because it rests on "new evidence." (Doc. 6 at PageID 32.) Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. The court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior

3

petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Here, the Magistrate Judge determined, and the undersigned agrees, that Petitioner's argument was already presented in his prior habeas action. In his Objection, Petitioner seems to be arguing that evidence was newly obtained and establishes his innocence but that the evidence was suppressed previously. (Doc. 6 at PageID 32–33.) Petitioner does not identify what the newly obtained evidence is or why it could not have been discovered previously. Nor does he establish that the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. Finding the objection to be vague and general, the Court overrules the Objection.

The Court finds the R&R (Doc. 5) to be thoughtfully considered and well-taken. The Court **ADOPTS** the R&R (Doc. 5) and **TRANSFERS** Petitioner's habeas corpus Petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 as a second or successive habeas

4

corpus application seeking relief under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge
